## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Concesionaria Dominicana de | ) | |
| Autopistas y Carreteras, S.A. | ) | |
| Calle 9 No. 7, | ) | |
| Mirador Norte, | ) | |
| Santo Domingo, Dominican Republic | ) | |
| | ) | |
| Petitioner | ) | Verified Petition to Confirm Arbitration |
| | ) | Award |
| | ) | |
| v. | ) | Case No:_____ |
| The Dominican State | ) | Judge:_____ |
| Avenida Independencia No. 752 | ) | |
| Estancia San Gerónimo | ) | |
| Distrito Nacional | ) | |
| Capital de la República Dominicana | ) | |
| Respondent | ) | |

---

### VERIFIED PETITION TO CONFIRM

NOW COMES Petitioner Concesionaria Dominicana de Autopistas y Carreteras, S.A.

("CODACSA"), a business corporation, and petitions this Court to confirm into a judgment an

international arbitration award issued in its favor against The Dominican State (the "DR")

(collectively, "the Parties") to remedy the DR's breach of CODACSA's concession contract with

the DR and, in support thereof, respectfully shows, under oath:

### THE PARTIES

1. Petitioner CODACSA is a business and service corporation formed and existing under

the laws of the DR, having its principal place of business at Calle 9 No. 7, Mirador Norte, Santo

Domingo, Dominican Republic.  Clearly Tropical, Inc., a U.S. company, owns a 10% stake in

CODACSA.  CODACSA has duly appointed Greenberg Traurig, and the undersigned members

of that firm, as its authorized attorneys at law and in fact to prosecute this Petition. A copy of

such Power of Attorney is attached as **Exhibit A**.

1

2. The DR is a foreign state as defined in 28 U.S.C. § 1603. The DR maintains an Embassy and other official offices in Washington, the District of Columbia, where, in addition to its sovereign activities, it conducts commercial business. In the matters set forth herein, the DR was represented by its duly authorized agent, the Ministry of Public Works and Communications, whose actions were authorized and ratified by The National Congress of the DR.

**JURISDICTION AND VENUE**

3. This Court has original jurisdiction over this action pursuant to 9 U.S.C. §§ 201, 203 (Federal Arbitration Act), Article III of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *reprinted in* 9 U.S.C. § 201 (historical and statutory note) (the "New York Convention"), 28 U.S.C. §§ 1330(a) and 1331 and ¶ 25.2 (c) (iii) and (iv) of the Contract between the Parties as set forth below.

4. By filing this Petition, Petitioner has consented to the personal jurisdiction of this Court. This Court has personal jurisdiction over the Respondent pursuant to 28 U.S.C. §§ 1330(b), 1605(a)(1) and (6)(B) and ¶ 25.2 (c) (iii) and (iv) of the Contract between the Parties as set forth below.

5. Venue is proper in this District pursuant to 9 U.S.C. § 204, 28 U.S.C. § 1391 (b), (d), (f)(4) and ¶ 25.2 (c) (iii) and (iv) of the Contract between the Parties as set forth below.

**THE CONTRACT BETWEEN THE PARTIES,
THE AGREEMENT TO ARBITRATE,
AND THE EXPLICIT WAIVER OF IMMUNITY FROM EXECUTION**

6. On November 26, 2001, the DR entered into a concession contract (the "Contract") with CODACSA whereby CODACSA proposed to invest a substantial sum in order to build all or portions of the extension of the San Pedro de Macoris-La Romana highway and the San Pedro de Macoris and La Romana alternate routes (the "Project"). The Project consisted of seven

stretches, as to each of which the DR and CODACSA had differing obligations concerning construction[1] but all of which were to be managed and maintained by CODACSA over the 30 year period of the concession.  In return, CODACSA received the right to collect tolls at three toll stations over the life of the concession.  A certified copy of the Contract is attached as **Exhibit B**.  Pursuant to Resolution No. 170-02, the Contract was approved by the Senate of the Dominican State on May 21, 2002, by the House of Representatives on May 29, 2002, being enacted on October 24, 2002 by the President and published in the Official Gazette on October 25, 2002.  The Contract was valid and binding on the Parties.

7. The Contract, at Clause 23, contains the following written agreement to arbitrate:

"23. Settlement of Disputes

Any disputes or disagreements of any nature pertaining to or deriving from this contract, other than those that may be resolved by agreement shall be settled by arbitration in Arbitration Court of the International Chamber of Commerce of Paris, which shall administer the arbitration and designate the arbitrators in accordance with its Regulations and Bylaws.

The parties also expressly agree to comply with the arbitration award handed down."

In addition, the Contract contains the DR's waiver of exemption from execution:

"25.2 Licensor's Representations

As of the signature date of this contract, the Licensor guarantees to the Licensee that the following representations are true:

*       *       *       *

c. Laws and Litigation: The Licensor guarantees that to its knowledge: * * * (iii) if a judicial or arbitration dispute is initiated under this contract against the Licensor or any of its agencies, it will not claim exemption from attachment on the goods privately

---

[1]     In all, the concession involved construction by CODACSA of eleven connectors, five underpasses, five bridges, two toll stations, two rest and service areas, the control offices and centers, two maintenance areas, widening about 48 km of roadway, refurbishment or adaptation of another 35 km and maintenance and management of the 115 km of roadway between Santo Domingo and La Romana.

owned by the Dominican State, and will not submit claims pertaining to such assets or properties, and (iv) it consents to the execution of any sentence against the parties in connection with any dispute in any jurisdiction."

There is no dispute that the agreement to arbitrate was valid and binding on the Parties.

## THE DISPUTE AND THE ARBITRATION

8. After the Parties entered into the Contract, CODACSA proceeded to perform its obligations thereunder.  Almost immediately afterward, however, the DR breached and repudiated the contract, primarily by failing to deliver a contractually required bank guarantee, which was both a precondition to CODACSA being able to obtain financing and a protection for CODACSA and any lender from exchange rate fluctuations, and refusing to update tolls for excessive inflation (or pay a shadow toll), together with numerous other breaches.  As a result, on June 23, 2008, CODACSA instituted an arbitration proceeding pursuant to the agreement to arbitrate.  The style of the arbitration proceedings was *Concesionaria Dominicana de Autopistas y Carreteras, S.A. (CODACSA) (Dominican Republic) and The Dominican State (Dominican Republic),* International Chamber of Commerce Case No. 15689/JRF/CA.  The arbitration took place in full accordance with ICC procedures. *See* **Exhibit C** (June 11, 2012 Certification of José Ricardo Feris, Assistant Secretary General, International Court of Arbitration of the ICC) ("Certification").

9. CODACSA notified the ICC and the DR that it desired three arbitrators to hear the dispute.  Certification ¶ 2.  On July 25, the DR agreed to CODACSA's request for three arbitrators. *Id.*

10. On November 6, 2008, the ICC duly confirmed Yves Derains as co-arbitrator on the basis of CODACSA's appointment and also confirmed Claus Von Wobeser as co-arbitrator on the basis of the DR's appointment. *Id.* ¶ 3.  On January 15, 2009, the ICC duly confirmed the

4

appointment of Henri C. Alvarez as Chairman of the Arbitration Tribunal on the basis of the joint appointment by the co-arbitrators. *Id.* ¶ 4. Thus, the Arbitrators and the Arbitration Tribunal were duly selected and appointed.

11. On April 2, 2009, the Parties agreed on the Terms of Reference which were submitted by the Arbitrators to the ICC. The duly appointed Arbitrators proceeded to hear the dispute pursuant to the terms of the agreement to arbitrate.

12. In the arbitration, CODACSA was represented by Cuatrecasas, Gonçalves Pereira of Madrid, Spain. The DR was represented by Arnold & Porter of Washington, DC. The Parties engaged in prehearing discovery, including exchange of voluminous records and documents. CODACSA filed nine witness statements from six fact witnesses and 15 witness statements from eight expert witnesses. The DR filed 17 witness statements from ten fact witnesses and 19 witness statements from nine expert witnesses. For the convenience of the Parties and the arbitrators, and pursuant to the agreement of the Parties, the evidentiary hearings took place in Washington, D.C., rather than London, England, on September 6 - 10 and October 25 - 26, 2010 - all or part of seven days - during which the arbitrators heard four fact and three expert witnesses from CODACSA and six fact and four expert witnesses from the DR, all of whom were examined and cross-examined. In addition, the Arbitrators considered documentary and demonstrative evidence and heard the arguments of counsel. The record of the hearings exceeds 2130 pages of transcripts. After the conclusion of the hearings, the arbitrators received and considered the Parties' submissions, legal briefs and arguments.

## THE FINAL AWARD AND CODACSA'S REQUEST FOR
## CORRECTION AND INTERPRETATION

13. The ICC successively extended the time for the Arbitrators to render their Award to July 31, 2010, December 31, 2010, March 21, 2011, June 30, 2011, August 31, 2011, October 31, 2011, December 31, 2011 and January 31, 2012.  Certification ¶ 1.

14. On January 11, 2012, the arbitrators rendered their written award (the "Award"), finding that (a) the Contract was valid and binding on the Parties and in force, (b) the DR had breached the contract by not providing the required bank guarantee, and (c) the DR had breached the contract by not allowing the contractually mandated toll collection or tariff updating (or payment of shadow tariffs).  The arbitrators also found that the DR had breached the contract in other respects and awarded total damages to CODACSA in the amount of US $33,683,759.67, plus pre-award interest at the rate of LIBOR plus 2% from June 30, 2010, together with US $200,000 of CODACSA's share of the administrative expenses assessed by the ICC and 40% of CODACSA's attorneys fees and costs in the amount of US $1,892,672.86.  The Arbitrators also ordered the DR to pay the above Award within sixty days, or pay post-award interest at the rate of LIBOR plus 2%.  A certified copy of the Award of the arbitrators is attached as **Exhibit D**.

15. On February 9, 2012, CODACSA filed an Application for Correction and Interpretation of the Award, citing several issues in which it contended that the arbitrators had made evident calculation errors and requesting clarification of a number of other portions of the award.  A certified copy of CODACSA's Application is attached as **Exhibit E**.  On February 28, 2012, the DR filed its Remarks concerning CODACSA's Application.  A certified copy of the DR's Remarks is attached as **Exhibit F**.  The DR's Remarks did not include any contention that the Award should be set aside and, instead, stated: "In spite of not agreeing with the decision

made by the Arbitral Tribunal, the Dominican Republic respects the content of the award and its estimation of damages." Exhibit F, ¶ 4.

## THE ADDENDUM TO THE FINAL AWARD

16. On May 25, 2012, the Arbitrators rendered their final written award, labeled the "Addendum to the Final Arbitration Award Issued on January 11, 2012," (the "Addendum to the Final Award"), granting in part CODACSA's application for correction and interpretation of the Award and making a final award of damages to CODACSA in the amount of $37,438,424.56, plus interest from June 30, 2009 through the date of the Award, for a total of $40,454,904.98 as damages and losses arising from termination of the contract.[2] In addition, CODACSA was awarded $200,000.00 for administrative expenses of the ICC and the fees and expenses of the arbitrators set by the International Court of Arbitration of the ICC, plus attorneys' fees in the amount of $1,892,672.86, for a total amount due at the time of the Award of $42,547,577.84. Finally, CODACSA was awarded post-award interest on all of the preceding sums if the Award was not paid within sixty days from its notification.[3] According to article 29.3 of the ICC Rules, this addendum constitutes part of the Final Award. A certified copy of the Addendum to the Final Award is attached as **Exhibit G**.

17. On June 13 and 26, 2012, CODACSA asked the DR to give assurances that it would honor and pay the Final Award within the sixty (60) day period set forth by the Award and notified the DR that, if it did not give such assurances within the reasonable time of July 10,

---

[2] Pre-Award interest is at 2% over the six-month average of the LIBOR rate on the date of the Award, *i.e.*, 2.7364%. Applying this rate, the daily interest is $2,845.74. The total days before the Award is 1060 (184 in 2009, 365 in 2010 and 2011, and 146 is 2012). Thus, the total amount of Pre-Award interest is $3,016,480.42.

[3] Post-Award interest accruing at the rate of 2% over the six-month average LIBOR rate (2.7496%) from July 31, 2012. The daily rate of interest on $42,547,577.84 is $3,249.69.

2012, CODACSA would institute these proceedings to confirm the Final Award into a judgment for enforcement purposes. A copy of these documents is attached as **Exhibit H.**

18. As of the date hereof, although the DR has acknowledged receipt of CODACSA's request for assurances, the DR has not responded to CODACSA's request for assurances (stating that it will do so "in due course"). Instead, on July 17, 2012 (without notice to CODACSA), the DR initiated proceedings in the DR to confirm and to enforce the Final Award, pursuant to the New York Convention.

19. On August 13, 2012, within the time permitted to do so, Petitioner brought this action to confirm the Final Award.

20. No grounds exist to avoid the confirmation of the Final Award as the final judgment of this Court.

21.     The DR has failed to pay the Award.

### CODACSA's PETITION TO THIS COURT

22. In accordance with the New York Convention, CODACSA attaches duly certified copies of the original award and the original agreement to arbitrate. *See* Exhibits B, D, and G.

22. As a result, CODACSA, through its attorneys, respectfully petitions this Court to:

a. Confirm the Final Award into a judgment against the DR and in favor of CODACSA in the amount of $42,547,577.84;

b. Award the costs of this proceeding to CODACSA, including reasonable attorneys fees, expenses and disbursements pursuant to *The Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 665 F.3d 1091 (9th Cir. 2011); and

c. Award CODACSA post-Award interest accruing at the rate of 2% over the six-month average LIBOR rate (2.7496%) from July 31, 2012, at a rate of $3,249.69 per day, until the date of full payment.

d. Grant CODACSA such other and further relief as to the Court may seem reasonable and just.

23. A proposed Judgment is attached as **Exhibit I**.

24. A brief in support of this Petition is attached as **Exhibit J.**

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 13, 2012.

Pedro Claros Alegría
Cuatrecasas, Gonçalves Pereira
Madrid, Spain

Respectfully submitted, this the 13th day of August, 2012,

Concesionaria Dominicana de Autopistas
y Carreteras, S.A.

By: Its Attorneys, Greenberg Traurig

C. Allen Foster, D.C. Bar No. 411662
David S. Panzer, D.C. Bar No. 470677
David Barón, D.C. Bar No. 458930
2101 L St., N.W.
Washington, D.C. 20037
Tel: (202) 331-3100
Fax: (202) 331-3101

CERTIFICATE OF SERVICE

Pursuant to 9 U.S.C. § 9, I hereby certify that copies of this Petition and all Exhibits have

been served by U.S. Mail, postage prepaid, upon counsel for the Respondent:

Roberto Rizik
HEADRICK RIZIK ALVAREZ Y FERNANDEZ
EPS A-150
8260 NW 14th St
Doral, Fl 33126, USA

David S. Panzer

10