UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONCESIONARIA DOMINICANA DE AUTOPISTAS Y CARRETERAS, S.A.**, <br><br> Petitioner, <br><br> v. <br><br> **THE DOMINICAN STATE**, <br><br> Respondent. | Civil Action No. 12-cv-1335 (RLW) |

## MEMORANDUM OPINION AND ORDER

This matter is presently before the Court on Petitioner Concesionaria Dominicana de Autopistas y Carreteras, S.A.'s ("CODACSA") Motion for Attorneys' Fees (Dkt. No. 21). The Court previously granted CODACSA's Motion for Default Judgment and confirmed an underlying arbitral award issued in favor of CODACSA and against the Respondent the Dominican State (the "Dominican Republic"), pursuant to the New York Convention and the Federal Arbitration Act, 9 U.S.C. §§ 201-08. (*See* Dkt. Nos. 14, 15). CODACSA now seeks to recover its reasonable attorneys' fees and costs incurred in connection with these proceedings. CODACSA filed its Motion on January 18, 2013, and to date, the Dominican Republic has not filed any response or opposition thereto—a development that is unsurprising given the Dominican Republic's default status and its history of nonparticipation in this action. Upon careful consideration of CODACSA's submissions and the entire record in this case, the Court concludes, for the reasons set forth herein, that CODACSA's Motion will be **GRANTED**.

At the outset, the Court is mindful that neither the New York Convention, nor Congress' implementation of the Convention through the Federal Arbitration Act, 9 U.S.C. §§ 201-208,

expressly authorizes an award of attorneys' fees and/or costs in a proceeding to confirm a foreign arbitral award. Nevertheless, it is well settled that the Court retains inherent power to assess attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992). While the D.C. Circuit has not had occasion to specifically apply these principles to proceedings to confirm a foreign arbitral award under the New York Convention, as CODACSA points out, the Ninth Circuit recently addressed this issue head-on:

> It is well settled . . . that even absent express statutory authority, federal courts have authority to award attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *See Int'l Union of Petroleum & Indus. Workers v. W. Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). "[A]n unjustified refusal to abide by an arbitrator's award," moreover, "may equate an act taken in bad faith, vexatiously or for oppressive reasons." *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996) (alteration in original) (quoting *Int'l Union of Petroleum & Indus. Workers*, 707 F.2d at 428) (internal quotation marks omitted). Nothing in the New York Convention, or the federal statutes implementing it, expressly or impliedly negates this authority. As we have noted, actions under the Convention "arise under the laws and treaties of the United States." 9 U.S.C. § 203. Accordingly, we hold that federal law permits an award of attorney's fees in an action under the Convention, as it does in other federal question cases.

*Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1104 (9th Cir. 2011).

Following the Ninth Circuit's remand in *Cubic Defense Systems*, Judge Moskowitz of the U.S. District Court for the Southern District of California found an award of attorneys' fees to be appropriate because the respondent "simply ignored the validity of the Arbitration Award and sought to avoid payment." *Ministry of Def. & Support v. Cubic Def. Sys.*, 2013 WL 55828, at *6, 2013 U.S. Dist. LEXIS 1625, at *18 (S.D. Cal. Jan. 3, 2013) ("[Respondent's] conduct amounts to an 'unjustified refusal to abide by an arbitrator's award' and 'frivolous dilatory tactics.'") (internal citations omitted). In addition, based on the Court's own research, it appears that Judges in the Southern District of New York have also applied these same principles in granting

awards of attorneys' fees to a party confirming a foreign arbitral award. *See Leon Trading SA v. M.Y. Shipping Private Ltd.*, 2010 WL 2772407, at *4, 2010 U.S. Dist. LEXIS 69172, at *9-11 (S.D.N.Y. July 12, 2010) (Gardephe, J.); *Celsus Shipholding Corp. v. Manunggal*, 2008 WL 474148, at *2, 2008 U.S. Dist. LEXIS 12842, at *5-6 (S.D.N.Y. Feb. 21, 2008) (Cote, J.). Based on the reasoning espoused in those cases, and relying on related guidance from our Circuit (albeit outside of the foreign-arbitral-award context), this Court similarly holds that a party seeking to confirm a foreign arbitral award under the New York Convention may recover reasonable attorneys' fees and costs, at least where the respondent unjustifiably refused to abide by the arbitral award.

Turning to the facts of the instant case, CODACSA rightly argues that the Dominican Republic's refusal to honor the arbitral award in CODACSA's favor has been anything but justified. The underlying arbitration award in this case was originally issued more than an entire year ago, in January 2012, and the addendum to that award was issued in May 2012. In June 2012, CODACSA made several attempts to secure assurances from the Dominican Republic that it would honor the award, and although the Dominican Republic acknowledged receipt of those requests, it failed to substantively respond whatsoever. (*See* Dkt. No. 1, Verified Petition at ¶ 17). Nor has the Dominican Republic taken any action since CODACSA initiated proceedings to confirm the arbitral award with this Court. To the contrary, the Dominican Republic has obstinately refused to participate in this action, resulting in a default and default judgment being entered against it. (Dkt. Nos. 13, 14, 15). This is true even though CODACSA has gone above and beyond its obligations by serving the Dominican Republic with almost all of the relevant filings in this case. Simply put, the Dominican Republic has ignored CODACSA's arbitral

award, and the Court finds that this inaction is inherently unjustified and in bad faith. Accordingly, CODACSA is entitled to an award of reasonable attorneys' fees and costs.

Turning to the specifics of CODACSA's request, the Court would be remiss if it failed to point out that, at first blush, $324,932.76 in fees and costs seems an exorbitant amount to spend on relatively perfunctory proceedings to confirm an arbitration award, especially where, as here, the respondent defaults and fails to oppose any of the relief sought. Nevertheless, the Court has conducted an independent review of CODACSA's submissions and has satisfied itself that the scope of CODACSA's request is fair and reasonable, particularly given the complexity of the issues involved in this case and the international implications of CODACSA's arbitral award. As a result—and in the absence of any opposition or objection on the part of the Dominican Republic whatsoever—the Court will therefore grant CODACSA's request and award $291,312.57 in attorneys' fees and $33,620.19 in costs that CODACSA incurred in connection with this litigation.

SO ORDERED.

Date:  February 22, 2013

                                                   ROBERT L. WILKINS
                                                   United States District Judge